IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIM. NO: 3:25-CR-10-TES |
| | : | |
| ALICIO YANEZ-PINEDA | : | |
| JOSUE SERDA | : | |
| ULISES BORJA | : | |
| TRAVIS ARNOLD | : | |
| ARIEL COLLINS | : | |
| PATRICK WILKINS | : | |
| EDGAR JARA | : | |
| TYLER PARR | : | |
| GREGORY ROBINSON | : | |
| DESHUN MUCKLE | : | |
| HALIE MONEY | : | |
| | : | |
| Defendants. | : | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. The discovery material provided by the United States which includes copies of documents and recordings which relate to the history of confidential human sources ("CHSs") and/or cooperating witnesses involved in the investigation of this case, is subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. For the purposes of this order and discovery in this action, confidential, sensitive, and potentially protected information means names, dates of birth, social security numbers, home

addresses, telephone numbers, and photographs and video recorded images of CHSs and/or cooperating witnesses.

  3. The discovery containing confidential, sensitive, and potentially protected material relating to CHSs and/or cooperating witnesses provided by the United States shall not be disseminated by defense counsel or the defendants to any individual, organization, or entity, other than:

    A) To members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff);

    B) Experts or consultants retained to assist in the preparation of the defense, and then only if such information is necessary to that preparation;

    C) This Court; and

    D) Non-expert witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case and may do so without any notice to the United States. However, the defense team may only show copies of confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witnesses to non-expert witnesses, in the presence of the defense team, if the non-expert witnesses agree that they will not disseminate information in the documents, and provided that the defense team retrieves all copies of the confidential, sensitive, or protected information from the non-expert witnesses after the meeting.

  4. The defendants may not be given copies of any materials which contain confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witnesses.

The defendants may review confidential, sensitive, or protected information while in the presence of the defense team, but the defense team must maintain custody and control of the confidential, sensitive, or protected information. If defense counsel determines that it is necessary to provide copies of any of these materials to a defendant, counsel will ensure that all confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witnesses are first redacted from any such materials.

5. If counsel determines there is a need for a defendant to have access to unredacted material containing confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witness outside the presence of the defense team, counsel may petition the court *ex parte* for permission to do so.

6. If any defendant has already been provided with copies of any materials which contain confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witnesses, counsel for the defendant shall retrieve said material from his/her client within a reasonable time and abide hereafter by the discovery limitations set forth herein.

7. If counsel for any defendant desires to disclose any of the materials containing confidential, sensitive, or protected information pertaining to CHSs and/or cooperating witnesses, or make available or communicate the content of such materials to any other person, counsel may advise counsel for the government and seek the consent of government's counsel or may petition the court *ex parte* for permission to do so.

8. Upon termination of these actions and after the time for appeal and/or post-conviction (i.e. habeas corpus or collateral attack under 18 U.S.C. §2255) has expired, counsel for the defendants shall return all copies of the discovery materials containing confidential, sensitive,

or protected information pertaining to CHSs and/or cooperating witnesses to the United States, shall certify that said documents have been destroyed, or may maintain any part of the discovery, provided that it is stored in a way that makes any protected information inaccessible to any third parties.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED,

Hon. Tilman E. Self, III
United States District Court
Middle District of Georgia

Date: 1/22/26